UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: CHELSEA C. GOODY      `   :   CHAPTER 13
       Debtor                        :
                                   :

       JACK N. ZAHAROPOULOS       :
       STANDING CHAPTER 13 TRUSTEE   :
         Movant                      :
                                   :
         vs.                         :
                                   :
       CHELSEA C. GOODY           :
         Respondent             :   CASE NO.    1-24-bk-00600

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

       AND NOW, this    18th    day of April, 2024, comes Jack N. Zaharopoulos,
Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)'
plan for the following reason(s):

       1.   Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the
debtor(s) has not submitted all or such portion of the disposable income to the Trustee as
required.   More specifically,

       Trustee alleges and avers that debtor(s)' disposable income is greater than that
which is committed to the plan based upon disposable income on Schedules I and J and
specifically disputes the following amounts:

           a.   Excess disposable income

       2.   Debtor(s)' plan violates 11 U.S.C. § 1322(b)(1) in that the plan classifies
unsecured claims but unfairly discriminates certain claims in the designation.   More specifically,
the plan provides for payment of:

           a.   Student loan

       3.   Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to
be distributed under the plan on account of each allowed unsecured claim is less than the amount
that would be paid on such claim if the estate were liquidated under Chapter 7.   More
specifically, the debtor has excess non-exempt equity in the following:

           a.   Property held as tenants by the entireties to the
               extent of joint claims.

4. Trustee avers that debtor(s)' plan cannot be administered due to the lack of the following:

    a. The debtor has not provided to the Trustee copies of 2023 Federal Income Tax returns as required by § 521(e)(2)(A).
    b. Need credit report.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY:   /s/Agatha R. McHale
       Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 24th day of April, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

John Hyams, Esquire
2023 N. 2nd Street, Suite 203
Harrisburg, PA 17102

      /s/Deborah A. DePalma
      Office of Jack N. Zaharopoulos
      Standing Chapter 13 Trustee