UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHELSEA C. GOODY | : | CHAPTER 13 |
| Debtor | : | |
| | : | |
| JACK N. ZAHAROPOULOS | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| CHELSEA C. GOODY | : | |
| Respondent | : | CASE NO. 1-24-bk-00600 |

## TRUSTEE'S AMENDED OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 23rd of May 2024, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Excess disposable income

2. Debtor(s)' plan violates 11 U.S.C. § 1322(b)(1) in that the plan classifies unsecured claims but unfairly discriminates certain claims in the designation. More specifically, the plan provides for payment of:

   a. Student loan

3. Debtor(s)' plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

   a. Property held as tenants by the entireties to the extent of joint claims.
   b. The Trustee requests valuations of the Debtor's two businesses. Upon information and belief, the Debtor employees 8 to 9 employees and the

Trustee's Office was informed that at least one of the businesses is profitable.

4. Trustee avers that debtor(s)' plan cannot be administered due to the lack of the following:

    a. The debtor has not provided to the Trustee copies of 2023 Federal Income Tax returns as required by § 521(e)(2)(A).
    b. Need credit report.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/Agatha R. McHale
Attorney for Trustee

CERTIFICATE OF SERVICE

AND NOW, this 23rd day of May, 2024, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

John Hyams, Esquire
2023 N. 2nd Street, Suite 203
Harrisburg, PA   17102

/s/Tammy Life
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee