FILED
September 10, 2024
Clerk, U.S. Bankruptcy Court
Middle District of Pennsylvania
Harrisburg

IN THE CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| THE ANXIETY CENTER OF MARYLAND, INC. | * | |
| DBA THE MARYLAND ANXIETY CENTER | * | |
|     Plaintiff | * | CASE NO. C-03-CV-23-002061 |
| VS. | * | |
| CHELSEA GOODY, LCPC, ET AL | * | |
|     Defendants | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SECOND AMENDED COMPLAINT

The Plaintiff, The Anxiety Center of Maryland, Inc., by its attorneys, Richard Bloch and Shiling, Bloch & Hirsch, P.A., files this Second Amended Complaint against the Defendants, Chelsea Goody, LCPC, individually and trading as Goody Counseling Services, and Goody Counseling Services, LLC, and for reasons says:

### COUNT ONE -Breach of Contract

1. The Plaintiff engages in the practice of mental health treatment through its employees.

2. On October 6, 2020, Plaintiff entered into an Employment Agreement (the "Agreement") with the Defendant, Chelsea Goody, LCPC. The initial term was for three (3) years, effective October 6, 2020. The Agreement is attached hereto as <u>Exhibit A</u>.

3. Defendant Goody subsequently accepted a teaching position at Loyola University Maryland in early 2022, without the written authorization of the Plaintiff, which position interfered with the Defendant's obligations to the Plaintiff and reduced her availability to clients of the Plaintiff, in violation of the Agreement.

4. Defendant Goody then began indicating "block" in the office calendar and advising the Plaintiff that she was "unavailable" to provide services for the Plaintiff during those times, thereby reducing her availability to patients, for consultation and other services of the practice, in violation of the Agreement.

5. While employed by the Plaintiff, Defendant Goody opened a competing practice, Goody Counseling Services, in Pennsylvania on January 28, 2022, and solicited and treated patients of the Plaintiff, in violation of the Agreement.

6. While employed by the Plaintiff, Defendant Goody opened another competing practice, Goody Counseling Services, LLC, in Maryland, March 6, 2022, and solicited and treated patients of the Plaintiff, in violation of the Agreement.

7. Defendant Goody then resigned effective July 1, 2022, pursuant to the Defendant Goody's resignation letter dated May 2, 2022, in violation of the Agreement. The letter is attached hereto as <u>Exhibit B</u>.

8. The Defendant Goody violated the Agreement by soliciting and interfering with the Plaintiff's relationship with its patients, employees, prospective employees and referral sources.

9. Following the termination of Defendant Goody's employment with the Plaintiff, the Defendants continued to solicit and provide services to patients of the Plaintiff in violation of the Agreement.

10. The Defendant Goody violated the provisions of the Agreement, including, but not limited to, (i) rendering services other than through the Plaintiff without the approval of the Plaintiff, (ii) collecting fees for services rendered and not paying them to the Plaintiff, (iii) establishing an independent practice without the knowledge or approval of the Plaintiff, (iv) retaining and/or copying patient records, (v) providing the services of another employee of the

Plaintiff to clients of the Plaintiff, outside of the Plaintiff's practice and without approval of the Plaintiff, and (vi) violation of the post-employment covenants of the Agreement.

11. Defendant Goody breached the Agreement and caused the Plaintiff damages, including, but not limited to, loss of income and profits, loss of patients, and other expenses and losses.

WHEREFORE, Plaintiff demands judgment against the Defendant Goody in an amount greater than $75,000, plus interest and costs, and such other and further relief as may be just.

## COUNT TWO- Breach of Covenants

12. Plaintiff adopts by reference the allegations set forth in paragraphs 1-11 above.

13. Sections 10, 11, and 12 of the Agreement provide obligations of and restrictions on the Defendant Goody, and the rights of the Plaintiff pertaining to the Defendant Goody's solicitation of patients, breach of confidentiality and remedies available to the Plaintiff following Defendant Goody's termination of employment.

14. Defendant Goody has violated her obligations and agreements and has solicited patients of the Plaintiff and has otherwise violated her obligations to the Plaintiff.

15. Defendant Goody's actions have been in her individual capacity and as the owner and agent of Goody Counseling Services, LLC.

16. Defendant Goody's actions have caused the Plaintiff to incur losses and damages.

WHEREFORE, Plaintiff demands judgment against the Defendant Goody in an amount greater than $75,000.00, plus interest and costs; and that this Court issue *Ex Parte*, Interlocutory and Permanent Injunctions requiring the Defendant Goody to cease and desist violation of the covenants set forth in the Agreement, from use of Plaintiff's confidential, proprietary, trade secret, client information, and such other and further relief as is just.

## COUNT THREE-Misappropriation of Trade Secrets, Confidential Information

17. Plaintiff adopts by reference the allegations set forth in paragraphs 1-16 above.

18. Plaintiff's client files are valuable, confidential, proprietary property and trade secrets that derive independent economic value from not being generally known to the public or to other persons who could obtain economic value from their disclosure or use.

19. Plaintiff has adopted and maintained appropriate measures to maintain the confidentiality and secrecy of Plaintiff's trade secrets and client information, including, but not limited to, having the Confidentiality Obligations set forth in Section 10 of the Agreement.

20. Defendant Goody had access to and worked with Plaintiff's clients and client files.

21. Plaintiff is informed and believes that Defendant Goody shared such confidential information with Goody Counseling Services, LLC, as owner and a provider of services.

22. Defendant Goody knew that sharing of such confidential information with Defendant Goody Counseling Services, LLC was in violation of the Agreement and an unauthorized use of Plaintiff's confidential, proprietary, trade secret information.

23. Defendant Goody Counseling Services, LLC, knew or should have known that its acceptance and use of such information was in violation of Defendant Goody's Agreement and that such information was Plaintiff's protected, confidential, proprietary information.

24. As a result of Defendant Goody Counseling Services, LLC's misappropriation and use of the Plaintiff's confidential, proprietary, trade secret information, Plaintiff has suffered and continues to suffer damages and losses.

25. Plaintiff believes and therefore alleges that Defendant Goody Counseling Services, LLC's misappropriation of Plaintiff's information was carried out in a willful, wanton and reckless manner in disregard of Plaintiff's rights.

26. Plaintiff believes and therefore alleges that Goody Counseling Services, LLC has benefited financially from the misappropriation of Plaintiff's confidential, proprietary, trade secret information, thereby causing the Plaintiff losses and damages.

WHEREFORE, Plaintiff demands judgment against the Defendant Goody Counseling Services, LLC in an amount greater than $75,000.00, plus interest and costs; and that this Court issue *Ex Parte*, Interlocutory and Permanent Injunctions requiring the Defendant Goody Counseling Services, LLC to cease and desist from use of Plaintiff's confidential, proprietary, trade secret information, and such other and further relief as is just.

## COUNT FOUR-Unjust Enrichment

27. Plaintiff adopts by reference the allegations set forth in paragraphs 1-26 above.

28. Plaintiff is informed and believes and therefore alleges that Defendant Goody Counseling Services, LLC wrongfully received, knowingly accepted and financially benefited from Plaintiff's confidential, proprietary, trade secret information without legal authority to possess and use the same.

29. As a result of the conduct described above, Defendant Goody Counseling Services, LLC has been unjustly enriched at the expense of the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant Goody Counseling Services, LLC in an amount greater than $75,000.00, plus interest and costs; and such other and further relief as is just.

s/ *Richard Bloch*

Richard Bloch
AIS ID No. 7206010009
Shiling, Bloch & Hirsch, P.A.
600 Baltimore Avenue, Suite 301
Towson, Md. 21204-4022
(410) 332-0100
Richard@SBHPA.com
Attorneys for Plaintiff

## RULE 20-201 CERTIFICATION

Pursuant to Rule 20-201, I hereby certify that this filing does not contain any restricted information.

s/ *Richard Bloch*
Richard Bloch

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of August 2023, a copy of the foregoing was served via MDEC e-filing, and electronic mail to:

James E. Rubin, Esq.
jrubin@rubinemploymentlaw.com
600 Jefferson Plaza, Suite 204
Rockville, MD 20850

s/ *Richard Bloch*
Richard Bloch