UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: CHELSEA C. GOODY, FKA CHELSEA C. BOPE,<br>    Debtor | : | CHAPTER 13 |
| JACK N. ZAHAROPOULOS, STANDING CHAPTER 13 TRUSTEE,<br>    Movant | : | |
| vs. | : | |
| CHELSEA C. GOODY, FKA CHELSEA C. BOPE,<br>    Respondent | : | CASE NO. 1-24-bk-00600-HWV |

TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 17th day of March 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reason:

1. Debtor's Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor's disposable income is greater than that of which is committed to the Plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Verify home maintenance, repair and upkeep expense.
    b. Verify spousal debt repayment expense.

2. Trustee avers that Debtor's Plan is not feasible based upon the following:

    a. The Plan is underfunded relative to claims to be paid.

3. Trustee avers that Debtor's Plan cannot be administered due to the lack of the following:

    a. Debtor has not provided to Trustee copies of their 2023 federal income tax returns as required by §521(e)(2)(A).

4. Debtor's Plan violates 11 U.S.C. §1325(a)(4) in that the value of property to be distributed under the Plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, Debtor has access to non-exempt equity in the following:

a. Property held as tenants by the entireties to the extent of joint claims. More specifically, Claim 5-1 is a joint claim that must be paid in full.

WHEREFORE, Trustee alleges and avers that Debtor's Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

a. deny confirmation of Debtor's Plan;
b. dismiss or convert Debtor's case; and
c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

## CERTIFICATE OF SERVICE

    AND NOW, this 17th day of March 2025, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

John M. Hyams, Esquire
Law Offices of John M. Hyams
2023 North 2nd Street
Suite 203
Harrisburg, PA 17102

                /s/ Derek M. Strouphauer, Paralegal
                Office of Jack N. Zaharopoulos
                Standing Chapter 13 Trustee